UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 99.122.116.114, <br><br> Defendant. | CASE NO. 1:16-cv-01067-AWI-SKO <br><br> **ORDER VACATING HEARING DATE AND GRANTING DEFENDANT'S MOTION TO PROCEED ANONYMOUSLY** |

**I. Introduction**

Plaintiff Malibu Media, LLC, ("Malibu Media") has brought suit against Defendant John Doe subscriber assigned IP address 99.122.116.114 ("Doe") for copyright violations based on Doe's alleged downloading, copying, and distributing of some fifty five pornographic videos owned by Malibu Media. Doe, proceeding pro se, has filed an answer, Doc. 19, and now moves to proceed anonymously in this action, Doc. 18. Malibu Media does not oppose Doe's motion to proceed anonymously. Doc. 22. That motion is set for hearing on May 22, 2017. The matter is suitable for decision without oral argument. Local Rule 230(g) (E.D. Cal.). The May 22, 2017 hearing date is therefore VACATED.

For the following reasons, Doe's motion to proceed anonymously will be granted.

///

1

**II. Discussion**

Generally, parties to an action must be identified by their true names. *See* Fed. R. Civ. P. 10(a). However, the Ninth Circuit permits "a party [to] preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Anonymity is the exception, not the rule. *Id.* at 1067-1068. Anonymity is permitted in the "unusual case … (1) when identification creates a risk of retalia[tion], (2) when anonymity is necessary to preserve privacy in a matter of sensitive or highly personal nature … [or] (3) when the anonymous party is his or her intention to engaged in illegal conduct, thereby risking prosecution." *Id*. at 1068 (citation and internal quotation marks omitted).

Doe seeks to proceed anonymously to avoid "shame and embarrassment." Doc. 20 at 3. Avoidance of "social stigmatization" is a "compelling" basis for granting anonymous status. *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981). Having one's name attached to the downloading of pornography could result in such stigmatization. The purpose for which does seeks anonymity falls within the above-noted second exception to the general requirement that parties be named.

Malibu Media does not object to Doe proceeding anonymously. Malibu Media has all of the personal information regarding Doe that it needs to prosecute this action. Allowing Doe to proceed anonymously will not prejudice Malibu Media.

Finally, although the public interest is generally furthered by allowing public review of judicial proceedings, the value of disclosing Doe's name to the public is significantly outweighed by Doe's interest in anonymity. *See, e.g., Malibu Media, LLC v. Doe*, 2015 WL 6116620 (S.D. N.Y. Oct. 16, 2015); *see also Malibu Media, LLC v. Funderburg*, 2015 WL 1887754, *3 (N.D. Ill. Apr. 24, 2015) (recognizing the risk of enforcers of pornographic copyrights extracting settlements from potentially innocent defendants who may be willing to pay to avoid embarrassment). Moreover, disguising Doe's name will not obstruct the public in "scrutinizing the … issues in this case." *Advanced Textile*, 214 F.3d at 1072.

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED that John Doe's motion to proceed anonymously is GRANTED. This action is to proceed against "John Doe subscriber assigned IP address 99.122.116.114."

IT IS SO ORDERED.

Dated: May 8, 2017

_____
SENIOR DISTRICT JUDGE